# Whitemarsh Township *against* The Philadelphia, Germantown and Norristown Railroad Co.

Under the Act of 14th June 1836, giving the Courts of Common Pleas within their respective counties power to issue writs of *mandamus* "to all corporations being or having their chief place of business within such county," a Court of Common Pleas cannot issue a *mandamus* to a railroad company, whose office and chief place of business is not in such county, although their road may pass through the same.

2. Supervisors of a township may apply for a writ of *mandamus* commanding a railroad company to make a road for public accommodation, required by their charter.

ERROR to the Common Pleas of *Montgomery* county.

A petition was presented to the court below by Jonathan Adamson and Benjamin Jones, supervisors of Whitemarsh township, Montgomery county, setting forth that the Philadelphia, Germantown and Norristown Railroad Company, after the passage of the Act of 8th February 1834, a supplement to their act of incorporation, occupied part of the bed of a public road in Whitemarsh township, Montgomery county, leading from the Spring Mill road to the Philadelphia county line, and constructed and laid their railroad on the same, thereby obstructing, &c., the free use and passage of the same. That the company had not, in compliance with said act, made a good and sufficient road for public accommodation alongside of said railroad, in place of the part of the public road so occupied by them; and prayed for a *mandamus* commanding the company to make such road for public accommodation, &c. The court granted the *mandamus* prayed for.

The defendants responded that the court had no authority to issue the writ against them on the complaint of Jonathan Adamson and Benjamin Jones, supervisors, for the following, among other reasons:

1. Because Adamson and Jones are not the whole board of supervisors of Whitemarsh township, and do not, by their petition, show any legal right they have to call upon the defendants to do the matters, &c., which said writ commands them to do. 2. Because the defendants, as a corporation, have their office and chief place of business in the city of Philadelphia, and have no office or chief place of business in Montgomery county, and therefore this court has no jurisdiction or right to issue a *mandamus* to them. 3. Because there are other remedies, &c.

2 F *

[Whitemarsh Township v. The Philad., Germantown and Norristown Railroad Co.]

The relators replied that said *court* had authority and jurisdiction to issue said writ, and to issue it against the defendants on the complaint of Adamson and Jones, supervisors.

The court below refused the application for a peremptory *mandamus*, on the ground that the plaintiffs had other remedies which they might pursue, and quashed the first writ and proceedings under it.

*G. R. Fox*, for the plaintiff in error.
*Freedley* and *Miles*, contra.

The opinion of the Court was delivered by

ROGERS, J.—The several Courts of Common Pleas, the President Judge being one, have within their respective counties the like power with the Supreme Court to issue writs of mandamus to all officers and magistrates elected or appointed in and for the respective county, &c., and to all corporations being or having their chief place of business within such county. Act of 14th June 1836. The jurisdiction of the court in the latter clause is confined to two classes; one where, as for example, banks are located in the body of the county exclusively; the other as canals and railroads, where they run through two or more counties. The words " being in the county" embrace the former, and the latter is included in the words " having their chief place of business in the county." The latter part of the section applies to a case like the present, where the road extends through several counties, and where the place of business is necessarily located in one. It was thought reasonable that the corporation should be amenable to this high prerogative writ only in the county where their business was principally transacted. The Legislature, in pursuance of an enlightened policy, have shown a disposition by every reasonable enactment to encourage the construction of railroads and canals when it can be done without interfering with the just rights of others. We think the provision in question a wise one, of which it was the duty of the directors to avail themselves, and of which we do not feel inclined to deprive them by any forced construction. The respondent denies the jurisdiction of the court because the office and chief place of business of the company is in the city of Philadelphia, and not in the county of Montgomery. The averment is distinctly made in the plea; it is neither traversed nor denied in the replication; nor could it be with any regard to the fact. For this reason we think the court was right in giving judgment for the respondent.

Several points have been pressed by the relators with great force, supported by a great weight of authority, but on which we think it premature to give an opinion. It will be time enough to decide whether the writ of mandamus is the proper remedy when the cause is brought in the appropriate forum. It is proper to add

[Whitemarsh Township v. The Philad., Germantown and Norristown Railroad Co.]

that we see nothing in the objection that the writ was issued in the name of Jonathan Adamson and Benjamin Jones, supervisors. The township which they represent have an interest in the subject-matter in controversy, whether it lies contiguous to the road which was vacated or more remote from it.

Judgment affirmed.