# Emerson *v.* Standard Protective Society of Pennsylvania, Appellant.

*Justice of the peace—Appeals—Jurisdiction—Corporations—Principal office.*

1. On an appeal from a judgment of a justice of the peace against a corporation, where the defendant has entered an appearance, pleaded non assumpsit, and gone to trial on the merits, it is too late at the conclusion of the evidence for it to move the court to dismiss the case upon the ground that it could be sued only in the county where was located its principal office or chief place of business.

*Beneficial associations—Sick benefits—Illegal contract.*

2. In an action by an unmarried woman against a beneficial associa-
tion to recover sick benefits, the defendant cannot set up as a defense
that the sickness was due to a surgical operation resulting from preg-
nancy, where the defendant introduces no evidence whatever to show
that the plaintiff's condition had been brought about by criminality,
or immorality on her part. In such a case the burden of proof is on the
defendant to show that the act was criminal on the part of the plaintiff.

Submitted Oct. 27, 1911.   Appeal, No. 204, Oct. T.,
1911, by defendant, from judgment of C. P. McKean Co.,
June T., 1910, No. 170, on verdict for plaintiff in case of
Maud M. Emerson v. Standard Protective Society. Be-
fore RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD,
BEAVER and PORTER, JJ. Affirmed.

Appeal from justice of the peace.

Assumpsit for sick benefits.  Before BOUTON, J.

At the trial the court overruled a motion to dismiss the
case for want of jurisdiction on the ground that it could
be sued only in the court where was located its principal
office, or chief place of business.  The court overruled the
motion. [1]

The court charged as follows:

[This is an action brought by Maud M. Emerson against
the Standard Protective Society, an insurance corporation,
to recover an indemnity for illness which she claimed to
have suffered, and this indemnity is claimed under and by
virtue of a certificate of membership issued by the defend-
ant to her.

Now she takes the witness stand and tells you that she
received this certificate of membership and had paid the
last payment on December 15, 1909, so that at the time
she was taken ill, her payments had been all kept up.  Mr
Sloan says she paid for the month of January, 1910, and
he is the collector of the defendant.  This certificate pro-
vides that for sickness, she should be entitled to receive
from this company $15.00 per week.  The plaintiff took

the witness stand and told you she was ill from October 12, 1909, to December 21, 1909, which would amount to ten weeks and two days.

Now, counsel for the defendant has argued to you because her sickness was of a peculiar character, being as they allege, caused by her own immoral conduct, she being an unmarried woman and this illness being caused by pregnancy, that therefore it is for you to say it is not covered by the certificate. We do not agree with counsel; it is for the court to say what the contract means, and it is for us to say, the contract being silent as to the character of illness, that the trouble with which she was suffering, was covered by this contract. We may be wrong at that, but we say this now for the benefit of this jury, if we are wrong, we can correct this hereafter, but for your purposes, you will treat this contract as covering the character of illness with which this plaintiff suffered. If you find under her evidence and that of Dr. McCallum, and it is undisputed that she was sick from October 12, 1909, to December 21, 1909, and disabled from performing her work, she having paid her dues, that she was entitled to recover in this case. As already said, there is no dispute but what she was sick this length of time.

The defense in this case is purely a legal defense; they have offered no evidence as to the facts, or in other words, evidence disputing the facts testified to on the part of the plaintiff and if you do believe this plaintiff, then you can do nothing else but find a verdict in her favor for the amount of her claim for ten weeks and two days at $15.00 per week; in addition to that, she would be entitled to interest from the time when it ought to have been paid.] [2]

Verdict and judgment for plaintiff for $163.93. Defendant appealed.

*Errors assigned* among others were (1) dismissal of motion as above and (2) charge as a whole, quoting it.

*Edgar W. Tait,* with him *Edwin E. Tait,* for appellant.— At common law a corporation can be sued only in the

territorial jurisdiction where it has its legal domicile,—
that is, where it has its chief place of business. This
common-law rule as to suits against corporations is still
the general rule in Pennsylvania, and any exceptions to
it must rest on clear statutory authority: Park Bros. &
Co. v. Oil City Boiler Works, 204 Pa. 453; Bailey v. Wil-
liamsport & North Branch R. R. Co., 174 Pa. 114; Frick
& Lindsay Co. v. Maryland, Pennsylvania, etc., Co., 44
Pa. Superior Ct. 518; Hawn v. Pennsylvania Canal Co.,
154 Pa. 455.

The case of Price v. Temperance Mutual Benefit Asso-
ciation, 3 Dauphin County Rep. 128, holds that the Acts of
April 24, 1857, P. L. 318, and April 8, 1868, P. L. 70, do not
apply to beneficial associations, and that a beneficial as-
sociation can be sued only in the court of the county or
district wherein is its principal place of business. The
following cases sustain this contention, that the lower
court had no jurisdiction over the subject-matter: Hawn
v. Pennsylvania Canal Co., 154 Pa. 455; Bailey v. Wil-
liamsport & North Branch R. R. Co., 174 Pa. 114.

In the following cases the question of jurisdiction of the
subject-matter was raised during a defense on the merits:
Com. v. Wickersham, 90 Pa. 311; Whitemarsh Twp. v.
P. G. & N. R. R. Co., 8 W. & S. 365.

The following cases hold that contracts indemnifying
one against the consequences of his own immoral act can-
not be enforced, nor will a contract of insurance or indem-
nity, general in its terms, be construed to extend to a case
where the insured brought the illness or trouble upon him-
self by his own immoral act: Weckerly v. German Lu-
theran Congregation, 3 Rawle, 172; Hatch v. Mutual Life
Ins. Co., 120 Mass. 550; Moss v. Cohen, 36 N. Y. Supp.
265; Hartman v. Keystone Ins. Co., 21 Pa. 466; Morris v.
State Mutual Life Assurance Co., 183 Pa. 563; Reynolds
v. Supreme Conclave, Imp. O. O. H., 10 Pa. Dist. Rep.
528; Fowler v. Scully, 72 Pa. 456.

*Mullin & Mullin,* for appellee.

PER CURIAM, November 13, 1911:

The defendant was incorporated by a decree of the court of common pleas of Berks county under the act regulating the organization and incorporation of secret beneficial societies, orders or associations, approved April 6, 1893. P. L. 10. In the application for incorporation it was stated that the "principal office" of the corporation was to be located in Reading, Berks County, but in the caption of the benefit certificate issued to the plaintiff it was stated that its "business office" was in New York city, while according to the testimony of its president, it had no office in Reading, but its "main office" or "executive office" was in Phoenixville, Chester county. It had a local lodge in McKean county, of which the plaintiff became a member. It also had a collector in that county to whom she regularly paid her monthly dues. But it seems that it had no office in that county. She brought suit for sick benefits before a justice of the peace in McKean county, and obtained judgment. The defendant appealed to the court of common pleas, its counsel entered their appearance and pleaded non assumpsit, and the case went to trial on its merits. At the conclusion of the evidence the defendant moved to dismiss the case upon the ground that it could be sued only in the county where was located its principal office or chief place of business. Granting that the objection would have been well taken if made at the outset (a point not decided), the motion was properly overruled, because the objection belonged to that class of objections to jurisdiction which a defendant can waive, and this defendant must be deemed to have waived it by appealing, appearing to the action, pleading the general issue and going to trial on the merits: Com. v. Barnett, 199 Pa. 161; Putney v. Collins, 3d Gr. 72; Fennell v. Guffey, 155 Pa. 38; Smith v. Peoples, etc., Ins. Co., 173 Pa. 15; Nagle v. Nagle, 3d Gr. 155; Newbold's Appeal, 2 W. N. C. 472; Magee v. Penna. Sch. V. R. R. Co., 13 Pa. Superior Ct. 187; English v. English, 19 Pa. Superior Ct. 586; Gibson v. Hawarth,

47 Pa. Superior Ct. 618.   None of the cases cited in the appellant's brief is opposed to this conclusion.   In all of them the objection was raised in limine—in Hawn v. Penna. Canal Co., 154 Pa. 455; Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114, and Frick, etc. v. Maryland, etc., Tel. Co., 44 Pa. Superior Ct. 518, by motion to set aside the service of process; and in Com. v. Wickersham, 90 Pa. 311, and Whitemarsh Twp. v. Phila., etc., R. R. Co., 8 W. & S. 365, by answer to the petition for mandamus.

The constitution and by-laws of the association are not in evidence, and there is nothing expressed in the benefit certificate to bar recovery of benefits for illness incident to a surgical operation such as the plaintiff underwent.   It is argued, however, that public policy excludes from the contract indemnity for illness resulting from the member's immoral act, and that it was to be presumed from the nature of the physical condition, which made the surgical operation necessary, that it resulted from her immoral act.   But it was not impossible that that condition arose without any criminality or even immorality on her part, and we do not assent to the proposition that the company could ask the court to presume as matter of law that it did not.   The burden of proving that the act was criminal on her part rested on the defendant, and not on the plaintiff.   She had a right to stand on the contract as written, and if the defendant sought to avoid the contract upon the grounds of public policy, it was incumbent on it to show satisfactorily, and not by mere surmise, the facts which brought the case within the rule of public policy which it contended for.

Having determined that the assignments of error cannot be sustained, it is unnecessary to discuss the reasons assigned by the appellee in support of its motion to quash the appeal.

All the assignments of error are overruled, and the judgment is affirmed.