## Bookwalter *v.* Stewart, Appellant.

Argued November 14, 1951. Before DREW, C. J., STERN, STEARNE, BELL, LADNER and CHIDSEY, JJ.

*Edwin D. Strite,* with him *E. M. Biddle, Jr.,* for appellant.

*George Skinner Black,* with him *John D. Faller, Jr.,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 7, 1952:

The question here is one of venue.

Plaintiffs brought an action of assumpsit in Cumberland County, alleging in their complaint that defendants, acting as trustees under a will, conveyed to them by deed in 1944 three certain tracts of land aggregating 208 acres, the larger portion of which was situated in Franklin County; that plaintiffs did not record this deed in Franklin County until 1950; that meanwhile, in 1945, defendants, as individuals, "fraudulently" conveyed a tract of 24 acres of this land, all of which was situated in Franklin County, to one Zeek, who purchased it for a valuable consideration and without knowledge or notice of plaintiffs' title; that Zeek

entered upon the tract and cut and removed therefrom valuable timber; accordingly plaintiffs demanded payment of the value of the land conveyed to Zeek or the damage done to it by the timbering operations. Defendants filed preliminary objections on the ground that the cause of action thus alleged was the "fraudulent" injury by the defendants to the land, and that therefore the action was local and beyond the jurisdiction of the Cumberland County court. The court overruled the objections; the defendants appeal.

Most of the argument of defendants is devoted to an attempt to establish that although plaintiffs' action is in form assumpsit it is essentially a claim in trespass for the damage done to the land. Plaintiffs, on the other hand, contend that the action is what it purports to be, namely for the breach of the covenant of special warranty contained in their deed. It is not necessary to discuss or decide the question thus raised. If the action be regarded as one of assumpsit based on the contractual relation between the parties it is transitory and could be brought wherever service could be had upon the defendants, since the common law deemed all actions ex contractu to be transitory in character regardless of the place where the contract was executed or where it was to be performed. But even if the action be regarded as one of trespass for damage to the land, and even though such an action would, at common law, have had to be brought in the county where the land lay (*Oliphant v. Smith*, 3 P. & W. 180; *Magee v. Pennsylvania Schuylkill Valley R. R. Co.*, 13 Pa. Superior Ct. 187, 193), Pa. R. C. P. 1042 now provides that "The action [of trespass] may be brought in a county in which an action of assumpsit may be brought or as provided by an Act of Assembly." This rule clearly means that, just as in the case of assumpsit actions, an action of trespass may be brought in any county where the defendant can be served, or it *may* be brought, under

statutory provisions relating to certain cases, in the county where the cause of action arose.*

In short, all actions are now transitory except where there is express provision to the contrary, as, for example, in actions of ejectment under Pa. R. C. P. 1052 and in actions to quiet title under Pa. R. C. P. 1062. It follows that it was permissible for plaintiffs to bring the present action in Cumberland County.

Order affirmed.

---

* Examples of the additional privileges so provided by statute are to be found in the acts referred to in the note of the Procedural Rules Committee to Rule 1042, namely the Act of June 13, 1836, P. L. 568, sec. 79, which provides that actions of dower, partition, waste, ejectment, nuisance, and all other pleas of land, may be commenced in any court of the county wherein the lands or tenements in question are situate; the Act of May 1, 1929, P. L. 905, sec. 1208 and the Act of May 1, 1929, P. L. 1005, sec. 708, which provide that civil actions for damages arising from the use and operation of any vehicle may be brought in the county wherein the damages were sustained; the Act of July 1, 1937, P. L. 2665, which provides that actions for damages arising from any accident occurring on real estate or the sidewalks and curbs adjacent thereto may be brought in the county wherein the real estate, sidewalks and curbs are located. The Act of July 9, 1901, P. L. 614, as amended by the Act of April 25, 1929, P. L. 775, provides that in cases where a trespass or nuisance has been committed on real estate, and in cases arising from any contract relating to real estate, the writ of summons may be served in any other county than that wherein the real estate is located and in which the writ issues, by the sheriff of such other county who shall be deputized for that purpose by the sheriff of the county in which the writ issues.