## Ravert *v.* Polak, Appellant.

Argued March 25, 1955. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Ellis Brodstein,* with him *Mindlin & Sigmon,* for appellant.

*George B. Balmer* and *Snyder, Balmer & Kershner* submitted a brief for appellee.

Opinion by Hirt, J., July 21, 1955:

In this action in assumpsit the defendant was served in Northampton County by the sheriff of that county, who was deputized for the purpose by the sheriff of Berks County.

The complaint alleges that the defendant in July 1949 agreed to resurface the exterior walls of plaintiff's dwelling house in Berks County by a so-called "Brickote" process, and in the writing the defendant warranted that the Brickote siding would not crack or fall off for a period of 20 years after it was applied. Plaintiff paid the full contract price of $800 in reliance upon the warranty. Within a year after defendant resurfaced plaintiff's house the Brickote material cracked, warped and became loosened because of defective workmanship. The action was brought to recover $251.05, the cost of necessary repairs to the surface of plaintiff's dwelling as damages resulting from

the defendant's failure to perform his contract.

In general and under the common law an action in assumpsit based on the contractual relation of the parties is transitory and can be brought wherever the defendant can be served; "or it *may* be brought, under statutory provisions relating to certain cases, in the county where the cause of action arose": *Bookwalter v. Stewart*, 369 Pa. 108, 85 A. 2d 100. The Act of July 9, 1901, P.L. 614, §1, cl. 3, as amended, 12 PS §298 provides: "The writ of summons . . . in cases arising from any contract relating to real estate, may also be served . . . in any other county than that wherein the real estate is located and in which the writ issues, by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issues." The above section of the Act supplies statutory authority for the service of the writ of summons in this case, in Northampton County. The suit was properly brought in assumpsit and it is of no moment that it may sound also in tort. Cf. *Siegel v. Struble Bros. Inc.*, 150 Pa. Superior Ct. 343, 28 A. 2d 352. The present action does not involve a controverted question of title to real estate. And we agree with the appellee that it is difficult to conceive of a contract that could come within the definition of a contract *relating* to real estate, more definitely. In the court's opinion, MAYS, P. J., said: "When one engages in a business such as manifestly is conducted by the defendant, i.e., contracting to repair homes, . . . and he does it so that there is injury to the real estate as alleged in the instant case, it would be working a great hardship upon the innocent real estate owner to compel him to bring a suit only in the county where the contractor lives." It undoubtedly was to meet situations such as is presented here that the above provision of the 1901 Act was amended by the

Act of April 25, 1929, P.L. 775, to include "cases arising from any contract *relating* to real estate." Cf. *Bookwalter v. Stewart,* supra.

Order affirmed.