Shulman, Appellant, *v.* Wynnewood Company.

Argued September 17, 1959. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., and HIRT, J., absent).

*Henry T. Reath,* with him *John M. Ross,* and *Duane, Morris & Heckscher,* for appellant.

*H. N. Fineman,* with him *Morris Passon,* for appellee.

OPINION BY WOODSIDE, J., November 11, 1959:

This is an appeal by the plaintiff in an assumpsit action from the refusal of the Municipal Court of Philadelphia to remove a compulsory nonsuit entered by the trial judge at the close of the plaintiff's case.

The action was brought by Martin Shulman against the Wynnewood Company for damages allegedly caused by the failure of the defendant to erect a private dwelling house in conformity with the expressed and implied warranties of an agreement of sale under which the plaintiff was the assignee. The damages were alleged to have been caused by water seepage into the cellar of the house due to defendant's failure to construct the foundation walls properly.

The defendant is a Pennsylvania corporation with its principal place of business in Montgomery County. The corporation does no business and has no office in Philadelphia. The premises over which the dispute arose are in Montgomery County. The plaintiff resided in Montgomery County. The action should not have been brought in Philadelphia.

Pennsylvania Rule of Civil Procedure 2179 provides, inter alia, as follows: "(a) . . . A personal action against a corporation or similar entity may be brought *in and only in* (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose." (Emphasis supplied)

When the case was called for trial before a jury, the trial judge questioned the propriety of hearing it in the Municipal Court of Philadelphia, but counsel for both parties agreed to have the case heard there, and counsel for the defendant waived any right to object thereto. The trial judge was led to believe that the evidence would show a legal reason for bringing the action in Philadelphia, and when it did not, he entered a nonsuit, which the court subsequently refused to remove. The court relied upon the above Procedural Rule, which has the force of a statute. *Schofield Discipline Case,* 362 Pa. 201, 209, 66 A. 2d 675 (1949).

The Municipal Court of Philadelphia has jurisdiction over the subject-matter and the general class of cases to which this one belongs. See Act of July 12, 1913, P. L. 711, as amended, 17 PS §693. In determining whether the court has jurisdiction over the subject-matter, the question is not whether the plaintiff may recover in the particular forum on the cause of action pleaded but whether the court is empowered to hear and determine a controversy of the character involved. *Commonwealth ex rel. Shumaker v. N. Y. & Pa. Co., Inc.,* 367 Pa. 40, 46, 79 A. 2d 439 (1951); *Skelton v. Lower Merion Twp.,* 298 Pa. 471, 473, 148 A. 846 (1930). The question here does not relate to jurisdiction but to venue. *County Construction Co. v. Livengood Construction Corp.,* 393 Pa. 39, 44, 142 A. 2d 9 (1958); *Bookwalter v. Stewart,* 369 Pa. 108, 85 A. 2d 100 (1952).

In actions in personam, essentially transitory in nature, where the court has jurisdiction of the subject-matter, the commencement of the action in a county in which the venue is improperly laid is a waivable error. *Fennell v. Guffey,* 155 Pa. 38, 25 A. 785 (1893); *Smith v. People's Mutual Live Stock Ins. Co. of Pa.,*

173 Pa. 15, 33 A. 567 (1896); *Ciammaichella Appeal*, 369 Pa. 278, 288, 85 A. 2d 406 (1952); *Hauger v. Hauger*, 376 Pa. 216, 101 A. 2d 632 (1954); *Magee v. Pa. Schuylkill Valley R. R. Co.*, 13 Pa. Superior Ct. 187, 194 (1900); *Emerson v. Standard Protective Society of Pa.*, 48 Pa. Superior Ct. 313, 317 (1911); *Commonwealth ex rel. Camp v. Camp*, 150 Pa. Superior Ct. 649, 652, 653, 29 A. 2d 363 (1942); *In re: Susquehanna County Auditors' Report*, 123 Pa. Superior Ct. 195, 202, 187 A. 78, 81 (1936); I Standard Pa. Practice, p. 521, §16; 3 Goodrich-Amram, §2179-11; 2 Anderson Pa. Civil Practice, p. 502, Rule 1032; 27 R.C.L. 783; 92 C.J.S. Venue §216.

Were the law not so well settled, we might inquire whether litigants and their counsel should ignore with immunity the governmental rule designating the courts available for their dispute, and whether they should have the power to impose upon the taxpayers of Philadelphia the costs of a trial which the Procedural Rules provide should not be brought there. We might also consider whether the right to choose venue by agreement of counsel will have a tendency to concentrate litigation in the centers of population where there is a concentration of lawyers and where the courts are already the busiest.

The convenience of litigants is an important consideration in determining where cases should be tried, but under the judicial system of our Commonwealth it is not the only consideration. Several days of an exceedingly busy court will be devoted to hearing this case which never should have been brought in Philadelphia. But, the law is clear that the defendant can waive his right to object to the improper venue. The defendant having done this, the plaintiff is privileged to proceed with his case in the Municipal Court of Philadelphia.

Although the court below refused to take off the nonsuit solely because it believed it had no jurisdiction to hear the case, it, nevertheless, questioned the plaintiff's evidence on damages. The plaintiff may not have properly proven all of the alleged damages, but there was sufficient evidence on damages to go to the jury. As the case must be retried, it is not necessary at this time to determine the extent to which damages were properly proven.

Order reversed with a procedendo.

WRIGHT, J., concurs in the result.