## Elliott v. Elliott

534

*George S. Black*, for plaintiff.
*Leroy S. Maxwell*, for defendant.

DEPUY, P. J., March 5, 1963.—On March 19, 1962, plaintiff filed her suit in divorce alleging indignities. When the case was at issue the court appointed a master. He held at least one hearing, when the testimony of plaintiff was taken.

On November 16, 1962, before the master had marked the evidence closed, a petition was presented to the court on behalf of and executed by plaintiff stating inter alia that "petitioner desires to discontinue the proceedings without prejudice to her right to institute another action should she then later decide so to do," asking leave to enter a discontinuance of record in the cause and designating George S. Black, Esq., as plaintiff's attorney for the purpose of entering such discontinuance. The court signed the order and the case was marked discontinued by the prothonotary.

On November 21, 1962, counsel for defendant filed a petition to strike off the order of discontinuance on the basis that: (1) Plaintiff's petition was defective in that it failed to set forth any reasons why plaintiff should be allowed to discontinue her action; and (2) the said proceeding is defective in that it was without any notice to defendant petitioner, and that after the divorce suit had been filed plaintiff (through her attorney of record, E. C. Wingerd, Jr., Esq.) and

defendant had negotiated a property settlement which contained provisions in lieu of alimony pendente lite and provided for the payment by defendant to plaintiff of the sum of $300 for counsel fees and expenses which sum defendant through his attorney paid to plaintiff's said attorney.

George S. Black, Esq., as attorney for plaintiff, filed an answer to the rule to strike off discontinuance, which averred there is no law or rule of court requiring that a petition to discontinue state any reasons nor requiring such proceedings to be other than ex parte. The answer averred further, as new matter, that the property settlement agreement of May 29, 1962, referred to in defendant's petition to strike off, is null and void for the reasons that:

1. Plaintiff's consent to the agreement was procured without plaintiff receiving a complete disclosure of defendant's income and estate;

2. The agreement was negotiated by plaintiff's then counsel, who had been selected by defendant to represent plaintiff;

3. The agreement deprived plaintiff of her right to support in the future and gave her nothing in return; and

4. The agreement (of which a copy was annexed) made no adequate provision for plaintiff's future support.

Defendant filed an answer to plaintiff's new matter. The answer denied that the property settlement agreement is null and void, asserted that there was a full disclosure to plaintiff wife as to the extent of defendant's income and estate, that plaintiff had herself selected her attorney, E. C. Wingerd, Jr., and enumerated a number of respects in which the agreement was financially advantageous to plaintiff and was entered into by both parties when fully advised and at arm's length.

Pennsylvania Rule of Civil Procedure 1121(b) provides:

"Except as otherwise provided in this chapter, the procedure in the action [of divorce] shall be in accordance with the rules relating to the action of assumpsit." This rule became effective June 1, 1948.

Since there are no special rules in the divorce chapter pertaining to discontinuance, discontinuance must be regulated by Pennsylvania Rule of Civil Procedure 229.

Pennsylvania Rule of Civil Procedure 230 regulates termination of an action by plaintiff after trial has begun, as follows:

"(a) A voluntary non-suit shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff during the trial."

In the present instance where the master had held at least one hearing, a technical question arises whether there had been a "trial". In any event, it is clear a plaintiff may suffer a voluntary nonsuit without leave of court.

Rule 229(a) provides:

"A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial."

Rule 229(c) provides:

"The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice." The rule was effective April 1, 1950.

It is stated in the note in 2 Anderson Pa. Civ. Pract., §229.4, that discontinuance is ordinarily accomplished by filing a praecipe with the prothonotary. Anderson says:

"Ordinarily the discontinuance is entered as of course, without any resort to the presumption that was

invoked under the prior practice that a discontinuance was always by leave of court but that such leave could be assumed and the discontinuance entered without affirmative action by the court, subject to the withdrawal of the presumed assent upon cause shown."

In the present case, discontinuance did not occur through praecipe to the prothonotary but after presentation in open court of a petition to discontinue. This procedure was doubtless occasioned by the fact that the filing attorney, as it later turned out, was not the attorney of record, and hence would not have been in a position to instruct the prothonotary to mark the case discontinued. (In the present framework of the case, we do not reach the problem as to comity or acceptable practice between attorneys.)

Anderson, at section 229.5, discusses limitations on the right of discontinuance. He says: "Ordinarily, a discontinuance is entered as of course without the approval of either the court or the parties. In certain instances, a discontinuance is either prohibited or subject to the requirement of court approval", enumerating a number of types of case where discontinuance can only be accomplished with leave of court. The notes of the rules committee, as appearing in Anderson, Pa. Civ. Pract., enumerate a number of places where Rules of Civil Procedure other than Rule 229 provide that where a minor is a party court approval of a discontinuance is required. But the rules nowhere limit the effect of Rule 229 (a) concerning discontinuance so as to exclude divorce litigation.

At section 229.6, Anderson discusses discontinuance in divorce actions. He states that "The court will ordinarily favor and allow the discontinuance of a divorce action", and that, "In any case, whether the plaintiff in a divorce action may discontinue the action is a matter within the sound discretion of the court, and the plaintiff will not be permitted to do so if the defend-

ant will be prejudiced thereby, or the public interest harmed, . . ." or in a number of other situations.

It is clear that when a divorce action or any other kind of action is discontinued and any unfair advantage has been taken, the Rules at no. 229 (c) provide a remedy for defendant by permitting striking off the discontinuance.

The narrow question we must first of all decide is whether defendant's petition reaches Rule 229 (c) or whether plaintiff in the first instance had any right, by her new attorney, under Rule 229 (a), to move for discontinuance without notice to defendant and without averring any reasons. Under the earlier practice before promulgation of the new rules, it is clear that to discontinue a divorce action leave of court was required. It is equally clear that the present rules make no exceptional provision in case of the divorce suit as regards a plaintiff's effort to discontinue. What we have to decide is whether the silence of the new rules on discontinuance in case of divorce means what it says, so that discontinuance of a divorce action would be assimilated to discontinuance of an assumpsit action, in which case no leave of court would be required, or whether the courts must engraft upon the new rules an extra proviso requiring approval of the court before a plaintiff can discontinue an action in divorce.

Defendant argues for such engrafting. He relies first upon the early case of Murphy v. Murphy, 8 Phila. 357, 360 (1871), where the court said:

". . . Every movement, whether it be of advance or retreat, in a suit to dissolve . . . [a marriage] should be watched over by the court, so that it may be seen that the general interests of society as well as the most sacred rights of the parties are carefully guarded."

The early rule is stated in Kettering v. Kettering, 46 Pa. C. C. 514, 516 (1917):

"Discontinuance is not an unrestricted right, but a qualified privilege, exercisable only by leave of court. The privilege should not be arbitrarily refused, nor should it be carelessly granted."

In 1946, it was held in Rahal v. Rahal, 28 Erie 5, that the proper practice for discontinuance of a divorce action is by petition setting forth the alleged reasons, to which plaintiff can reply, and that a discontinuance will be refused on an ex parte motion.

It is agreed on all hands that the philosophy that must dominate the court's consideration of any divorce action must embrace a due balancing of the rights of plaintiff, defendant and of the State in its concern about the stability and integrity of the home and family, as the keystone in the arch of society.

Having this fundamental principle in mind, we must decide the legal question whether, since promulgation of the new rules, divorce has been classified with assumpsit and with other forms of action in respect to the method of discontinuance, so that an attack upon a wrongful discontinuance must be made by the defendant under Rule 229(c), or whether there is an infirmity in what plaintiff herself has done here in obtaining routinely a discontinuance by ex parte means.

Defendant cites a number of cases decided since promulgation of the Rules for the principal that discontinuance of a divorce action still cannot occur without leave of court for good cause shown: Keiser v. Keiser, 4 D. & C. 2d 65 (1955); Ashton v. Ashton, 74 Montg. 117 (1957); Schultz v. Schultz, 14 D. & C. 2d 525 (1958).

Goodrich-Amram, §229-8, discusses the effect of the Rules upon the pre-existing policy of the law against discontinuance of a divorce action without leave of court first obtained. The writers emphasize that the divorce action is affected with a public interest not

present in ordinary civil actions and that "discontinuance in divorce cases will not be a matter of right but will always remain in the sound discretion of the court".

We are not prepared to accept the editor's conclusions as to what is the present state of the law, in light of the Rules. The Rules of Civil Procedure, with regard to actions of assumpsit and of divorce, seem to us to constitute a complete system of procedure, notably in the special area of practice dealing with discontinuances, and hence to have pre-empted the field. There seems no room in which the lower courts can engraft exceptions. Ample provision is contained in the Rules for relief for any party who has been imposed upon.

If the State's interest as a third party in every divorce suit is inadequately protected, it is necessary as we see it that the procedural rules committee draft an additional rule concerning discontinuance in divorce. (If and when the new divorce code, the terms of which place an emphasis upon so-called "honesty in divorce", is enacted there will be even less need for peculiar prophylactic provisions in the divorce procedure intended to safeguard the interest of the state as a third party.)

If it is found proper to grant a discontinuance pro forma to a plaintiff under Rule 229 without his stating a reason and without notice to defendant, defendant raises the additional question whether, as in the present situation, a plaintiff can employ new counsel who then may petition for discontinuance without notice to the attorney who is already on the record representing plaintiff. Without considering the question of comity among attorneys, we think it is lawful for a plaintiff's new counsel so to proceed.

As one of his bases for seeking to have the discontinuance set aside, defendant argues that $300 was paid (without seeking leave of court) by defendant to

plaintiff for counsel fees and expenses of the divorce action, and that were plaintiff permitted to discontinue, plaintiff could, for purposes of harassment or to secure a more favorable forum, go to another jurisdiction and begin suit and defendant could be required again to pay counsel fees and expenses. Because the granting of such counsel fees and expenses is a matter controllable by the court and defendant could make known to any court the fact that payment had already occurred and the circumstances thereof, we doubt if defendant can be harmed by the possibility of such additional application by plaintiff for counsel fees.

Pennsylvania Rule of Civil Procedure 229 (c) provides that where harm has been caused to defendant the court may strike off a discontinuance. Nothing before us shows that defendant suffered harm by the discontinuance that would require a court to strike it off. There appears no legally cognizable harm which the discontinuance has caused to defendant. If plaintiff should attempt to harass defendant by additional suits in other jurisdictions, defendant can draw that court's attention to plaintiff's lack of confidence in her own case, revealed by this moving from court to court for relief.

In a number of divorce decisions, the courts have recognized situations where, because of disadvantage to defendant, discontinuance is not favored: Wurst v. Wurst, 14 Dist. R. 682; Wargo v. Wargo, 75 D. & C. 330, 332 (1950) ; Crosby v. Crosby, 42 D. & C. 452, 454 (1941).

Here it has not been shown that the discontinuance worked any harm to defendant. There is authority that a discontinuance in divorce will not be stricken off unless there is clear harm to defendant: Schultz v. Schultz, 77 D. & C. 191, 192 (1951), 17 Am. Jur., Divorce and Separation, §348.

It is worth noting that if defendant should succeed

and have the discontinuance stricken off, no practical results would accrue to defendant, inasmuch as there is no means of forcing plaintiff to act further in the case. No law compels her to proceed and if she does not the suit cannot eventuate. As a practical matter, defendant, under the present set of facts, appears to be contesting plaintiff's suit. This means defendant desires the marriage to remain in effect and the bonds of matrimony not be severed. Plaintiff's discontinuance as granted arrives at the same result, which gives defendant everything he is seeking by contesting the suit.

It seems doubtful if defendant, without being chargeable with collusion, could insist on forcing plaintiff to prosecute her suit.

Defendant has asked us to engraft an unexpressed exception upon the Rules of Civil Procedure as they apply to divorce and to discontinuance and to hold that Rule 229 really means more than it says. The opposite conclusion was reached by the Supreme Court under the Rules in another part of the law. Bookwalter v. Stewart, 369 Pa. 108, was an assumpsit suit in Cumberland County for breach of a covenant of special warranty contained in plaintiff's deed. Suit was brought on the basis that the action in assumpsit is transitory (under Pa. R. C. P. 1042) and that this without more altered the pre-existing law whereby an action involving real estate had to be brought in the county where the real estate was located. The Supreme Court held that the new rules, without any express language to the contrary, must be taken at face value and the suit must be held to be transitory rather than local.

Under the requirement of Pa. R. C. P. 1126(8), a plaintiff in divorce is required to aver any and all previously filed divorce actions by either plaintiff or defendant in a given cause and the history thereof.

This will necessitate that any future court, at least in Pennsylvania, where a later divorce suit may be brought by the present plaintiff, become aware that the present action was filed and was discontinued, thus drawing into focus various facets of the present litigation so as to protect the integrity of the divorce process and protect the interest of the State as a third party in family litigation.

We are aware the argument can be made on behalf of defendant that plaintiff, having brought suit and presented at least her own testimony at the master's hearing of June 22, 1962, should be required to complete her case and have the evidence closed and acted upon by the master, without giving her an opportunity of cutting short the proceeding in midchannel so that she might have another and better try at the litigation at some other time and place. A reading of the evidence so far taken does not lead, on the surface at least, to intimations of any reason for second thoughts on the sufficiency of grounds and we prefer not to make tenuous assumptions of impropriety on the specific issue before us.

In the case of Parente v. Parente, 30 D. & C. 2d 366, plaintiff wife's suit in divorce had proceeded to the point where the master's hearing had been held and a recommendation of divorce filed, without exceptions having been taken, when plaintiff filed a petition to discontinue on the ground of recently suffering a stroke which rendered her unable to work, so that she would need her husband's continuing support.

The court discharged the rule and dismissed the petition, citing, inter alia, Pa. R. C. P. 230(b), which states that after a plaintiff has rested, he may not suffer a voluntary nonsuit without leave of court and cannot do so after the close of all the evidence.

Now, March 5, 1963, defendant's petition to rescind the order of discontinuance entered November 16,

1962, is denied and petition is dismissed at cost of defendant. Exception granted to defendant.