## Hewit v. Kravitz

*Maxwell Strawbridge,* for plaintiffs.
*Cassin Craig,* for defendants.

FORREST, P. J., April 12, 1965.—Plaintiffs in this cause of action filed a complaint in equity on September 9, 1964, seeking specific performance of a written agreement of sale, executed between plaintiffs and defendants, and ancillary damages for its original nonperformance. The realty in question is 325 Sycamore Avenue, Merion, Montgomery County, Pa. The original complaint was served upon defendants in Philadelphia County. To this service defendants filed preliminary objections, raising the question of jurisdiction. Subsequently, defendants agreed to convey the property pursuant to the original agreement.

On February 3, 1965, plaintiffs caused the original complaint to be reinstated, seeking recovery of those ancillary damages alleged in the original pleadings. Plaintiffs also filed a petition and rule to amend the complaint to request only damages, both ancillary and punitive. The rule was made absolute and defendants raised the same jurisdictional question to the reinstated complaint. This question is now before the court for disposition.

Plaintiffs assert that extracounty deputized service was properly effected pursuant to the Act of July 9, 1901, P. L. 614, sec. 1, cl. 3, amended April 25, 1929,

P. L. 775, sec. 1, 12 PS §298. This act provides that "in cases arising from any contract relating to real estate," deputized service will be permitted. Based upon this statute, plaintiffs had defendants served in Philadelphia. For this service to be proper, this court must find that this case arose concerning a dispute over a contract relating to real estate situate in Montgomery County.

There have been few cases construing this statute and none of them have adequately defined what was meant by a "contract relating to real estate." In the case of Binder v. Epstein, 41 D. & C. 640 (1941), Dannehower, J., stated at page 642:

"A suit in assumpsit to recover commissions for the sale of real estate involves only the personal rights and obligations of the parties, and while real estate is the subject of the sale, the commission or compensation for services is the real basis of the claim. Such a contract does not directly, materially or immediately relate to real estate, nor is any interest in real estate involved."

In the case of Ravert v. Polak, 178 Pa. Superior Ct. 210 (1955), extracounty service was achieved by virtue of the above statute. Plaintiff brought an assumpsit action against defendant in another county, based upon an agreement by the latter to resurface the exterior walls of plaintiff's home. Here the Superior Court affirmed the finding of the lower court that deputized service was proper. The court said, at page 212:

"And we agree with the appellee that it is difficult to conceive of a contract that could come within the definition of a contract *relating* to real estate, more definitely. In the Court's opinion, Mays, P. J., said: 'When one engages in a business such as manifestly is conducted by defendant, i.e., contracting to repair homes, . . . and he does it so that there is injury to

the real estate as alleged in the instant case, it would be working a great hardship upon the innocent real estate owner to compel him to bring a suit only in the county where the contractor lives.' It undoubtedly was to meet situations such as is presented here that the above provision of the 1901 Act was amended by the Act of April 25, 1929, P. L. 775, to include 'cases arising from any contract *relating* to real estate.' "

In the case of Kohn v. Farrell Sales & Service, 72 Montg. 347 (1956), this court used the authority set out in the Ravert case, supra, in finding that a suit maintained on a written contract for the installation of an air-conditioning system was such a contract relating to real estate as to come within the purview of the act. In this instance, deputized service was approved by the court.

In the instant case, plaintiffs originally attempted to obtain specific performance of a written agreement of sale for the conveyance of real property within this county. Plaintiffs served defendants by extracounty service in Philadelphia County, to which defendants filed timely preliminary objections. Subsequently, defendants conveyed the property in question. Now, plaintiffs have continued this action, but amended the complaint to seek only damages. To determine that there has been proper service in this case, this court would be required to find that, had litigation proceeded on the original issue as framed by the parties, extracounty service was proper. There is some question as to whether an action for specific performance of a contract for the sale of land is such a contract relating to real estate as to permit deputized service under Pa. R. C. P. 1504(b). In the recent case of Conley-Irwin Corp. v. Reiter, 413 Pa. 213, 216 (1964), the Supreme Court of Pennsylvania stated:

"Appellee equates an action for rescission of an agreement of sale with one for the specific performance

of such an agreement, arguing that the subject matter of both actions is the land forming the basis of the agreement. It is not clear that Rule 1504(b) is even applicable in the specific performance situation. In *Atlantic Seaboard Natural Gas Company v. Whitten,* 315 Pa. 529, 173 Atl. 305 (1934), we held under the predecessor of Rule 1504(b) that extra-territorial service of process was not authorized in an action for specific performance of a lease agreement. We need not now decide the present vitality of that decision under Rule 1504(b), since for the purposes of the rule there is a clear distinction between the two actions. Whatever may be the correct analysis of a suit for specific performance, the subject matter of an action to rescind an agreement of sale is contractual liability of the parties and not the land forming the basis of the agreement. Hence, deputized service is not available under Rule 1504(b)."

This court is not required to decide the question as to whether a suit for specific performance of a written agreement of sale is such a contract relating to land within the county as will permit extracounty service. The subject matter of plaintiffs' suit is the contract liability incurred by defendants due to their repudiation of the agreement of sale. Plaintiffs' amended complaint seeks only damages, and therefore, an adequate remedy in assumpsit action is available. The land involved in the transaction between the parties is not the basis of the agreement, nor the basis of plaintiffs' suit.

This court is not called upon to decide the problem based upon the original suit, which, if continued, might have rendered equitable jurisdiction and deputized service proper. Further, we have not disregarded the line of cases which determine that once equity assumes jurisdiction, it will grant complete relief: Long v. Trader Horn Coal Co., 396 Pa. 203 (1959). This

court does not feel that equitable jurisdiction attaches merely by an allegation on the part of plaintiff. In the instant case, equity was not requested to enter upon an inquiry because the matter never proceeded further than the filing of the pleadings. This court feels that one must proceed further than mere allegation of equitable jurisdiction before such jurisdiction actually attaches. In this case, equitable jurisdiction never attached so equity would not now be empowered to grant relief plaintiffs seek.

In dealing directly with the Act of July 9, 1901, P. L. 614, sec. 1, cl. d.3, amended April 25, 1929, P. L. 775, sec. 1, 12 PS §298, this court adopts the view set forth in the Binder v. Epstein case, supra. In that case, this court decided that this statute should be strictly construed and that a suit to recover real estate commissions for sale of property was based upon a contract which does not directly, materially and immediately relate to real estate, nor is any interest in real estate involved. So too in the instant case, suit on the amended complaint does not directly, materially or immediately relate to real estate, nor is there any interest in real estate involved in the ultimate recovery sought by plaintiffs. The entire suit has become a simple action for damages arising from a breach of contract.

And now, April 12, 1965, defendants' preliminary objections are sustained.