## Carangie v. Frew Mill Die Crafts, Inc.

*John A. Conte*, for plaintiff.
*O. W. Panner*, for defendants.

SALMON, *J.*, February 26, 1975—This matter is before the court upon preliminary objections filed by Erie Foundry Company, a corporation, one of the defendants, raising the question of jurisdiction of this court, and answer thereto.

The complaint alleges that plaintiff resides in Lawrence County, that defendant Frew Mill Die Crafts, Inc., is a Pennsylvania corporation maintaining its office in Lawrence County, and that defendant, Erie Foundry Company, is a Pennsylvania corporation having its office and place of business in Erie County, Pa.

Plaintiff alleges that he was employed as a power

hammer operator in a plant of Rockwell Standard Company in New Castle on July 16, 1968. The air hammer he was operating was manufactured and supplied by Erie Foundry Company. Used in conjunction with the hammer, and apparently as a necessary part of the operation which plaintiff was performing, was a certain die supplied to Rockwell by Frew. The work plaintiff was doing was in the forging of billets which was part of the regular business of Rockwell.

It is alleged that as plaintiff was thus engaged, a piece of hot steel flew out of the forging apparatus and struck plaintiff in the right thigh, causing the personal injuries complained of.

Plaintiff's theory or theories of liability are probably immaterial to the present issue. However, we observe that he bases his claim upon a theory of (1) strict tort liability, and (2) negligence on the part of both defendants, claiming that the air hammer machine was not equipped with adequate safety and warning devices etc.

Praecipe for summons was filed July 10, 1970. The record shows that service of the summons and of the complaint was made upon each defendant by deputized service outside of Beaver County, apparently under Pa. R.C.P. 1043. That is to say, the Sheriff of Beaver County deputized the Sheriff of Lawrence County to make service upon Frew, and the record indicates this was accomplished on March 11, 1971; also, the Sheriff of Beaver County deputized the Sheriff of Erie County to make service upon Erie Foundry Company and this was accomplished on March 11, 1971, and on May 3, 1971. The record shows that on March 29, 1971, an appearance was entered on behalf of Frew by Oran W. Panner, Esq.

On June 4, 1971, Erie filed preliminary objections questioning the *jurisdiction* of this court. The language of the opening paragraphs of the preliminary objections make it clear that defendant Erie is questioning *jurisdiction* and not venue. This is confirmed in the brief filed on behalf of Erie which says:

"We reiterate and emphasize that the preliminary objections were carefully drawn with the intent of objecting only to the jurisdiction of the Court of Common Pleas of Beaver County, Pa. and in no manner relate to the question of venue."

The question is not an easy one because the words "venue" and "jurisdiction" have sometimes been used carelessly and interchangeably. In making the distinction between these two concepts, the Supreme Court of Pennsylvania, opinion by Mr. Justice Cohen, in County Construction Co. v. Livengood Construction Corp., 393 Pa. 39 (1958), at page 45, has said:

"Although for procedural purposes objections to venue are treated as raising a question of jurisdiction, Pa. R.C.P. 1017(b)(1); 2 Anderson, Pennsylvania Civil Practice, 311-312 (1950), the determination of venue—the place in which a particular action is to be brought and determined—is a matter for the convenience of the litigants: Panhandle Eastern Pipe Line Co. v. Federal Power Comm., 324 U.S. 635 (1945). Jurisdiction, on the other hand, refers to the competency of a court *to determine controversies of the general class to which a case presented for its consideration belongs*, and to bind the parties to the litigation by its adjudication. See Witney v. Lebanon City, 369 Pa. 308, 85 A. 2d 106 (1952)." (Emphasis supplied)

The present action being a suit in trespass for personal injuries in which all parties are domiciled in Pennsylvania, we think it is clear that the Court of Common Pleas of Beaver County has jurisdiction. We think the issue is one of venue only. See Shulman v. Wynnewood Co., 191 Pa. Superior Ct. 66 (1959), at page 68, where the opinion by Judge Woodside says:

"In determining whether the court has jurisdiction over the subject-matter, the question is not whether the plaintiff may recover in the particular forum on the cause of action pleaded but whether the court is empowered to hear and determine a controversy of the character involved: Commonwealth ex rel. Shumaker v. N.Y. & Pa. Co., Inc., 367 Pa. 40, 46, 79 A. 2d 439 (1951); Skelton v. Lower Merion Twp., 298 Pa. 471, 473, 148 A. 846 (1930). The question here does not relate to jurisdiction but to venue: County Construction Co. v. Livengood Construction Corp., 393 Pa. 39, 44, 142 A. 2d 9 (1958); Bookwalter v. Stewart, 369 Pa. 108, 85 A. 2d 100 (1952)."

Venue is governed by Pa. R.C.P. 2179(a), which provides as follows:

"Rule 2179.   Venue.

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1)  a county where its registered office or principal place of business is located; or

"(2)  a county where it regularly conducts business; or

"(3)  the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

The record in this case indicates that plaintiff is an individual residing in Lawrence County; defendant, Frew, is a corporation having a place of business and office in Lawrence County; and defendant, Erie, is a corporation having a place of business and office in Erie County, all in Pennsylvania. The cause of action arose in the plant of Rockwell Standard Company in New Castle, Lawrence County. Clearly, Beaver County does not qualify for venue under said Rule 2179. Since plaintiff and Frew are located in Lawrence County, which is also the location of the factory of Rockwell in which plaintiff was injured, and since it appears that plaintiff's principal hospitalization following the injury was in a New Castle hospital, it seems obvious that Lawrence County should be the forum on the basis of convenience of the parties and witnesses and on the basis of that location having the greatest connection with the case. We shall, accordingly, direct a change of venue to Lawrence County pursuant to Rule 1006(d) and (e), without prejudice to the right of the parties to question there the venue in that court.

## ORDER

And now, February 26, 1975, for the reasons stated in the foregoing opinion, the prothonotary of Beaver County is ordered to certify the entire record in this case to the prothonotary of the Court of Common Pleas of Lawrence County, Pa., Courthouse, New Castle, Pa., as provided in Pa. R.C.P. 1006(d), without prejudice to the right of the parties to raise questions of jurisdiction or venue which may be appropriately raised in that court.