## Esposito v. Esposito

*Wayne F. Shade,* for plaintiff.

SHUGHART, *P. J.,* September 30, 1975—The complaint filed in the above-captioned action discloses that both plaintiff and defendant are residents of Adams County and the complaint was served upon defendant in Adams County by deputization. Defendant did not appear either personally or through an attorney. Despite these circumstances, the master recommended a decree in divorce apparently in misplaced reliance upon Hohlstein v. Hohlstein, 223 Pa. Superior Ct. 348, 296 A.2d 886 (1972).

General language in the Hohlstein opinion indicates that Pa. R. C. P. 1122, which provides that a divorce "action may be brought in and only in the county in which the plaintiff or the defendant re-

sides," is a venue and not jurisdictional provision and, therefore, not mandatory. As stated by Chief Justice Charles A. Jones in McGinley v. Scott, 401 Pa. 310, 316, 164 A.2d 424 (1960): "Jurisdiction of the person is ordinarily acquired by service upon him of the court's process *within the territorial limits of its authority.*" (Emphasis supplied.)

It is clear that the decision of the court in Hohlstein was bottomed on the fact that there, unlike the present case, defendant's attorney entered an appearance on behalf of defendant. The true basis for the decision is set forth in the following language of Judge Hoffman at pages 351-52:

"The instant case, therefore, poses the question: (1) absent an express waiver of venue, at what point does either the action or inaction of defendant result in waiver and of improper venue; and (2) may the Court refuse to accept such waiver and dismiss a cause of action for reason of improper venue.

"Appellant contends that a waiver took place in two ways. First, *it is contended that by entering an appearance appellee waived all defenses and objections.* While the filing [of] a form denominated an 'appearance' does give the other party notice of legal representation, it does not constitute, in and of itself, the kind of 'general appearance' which is a waiver of the right to raise defenses or objections to a plaintiff's complaint. Notwithstanding the promulgation of Pa. R. C. P. 1012, a waiver will still be held to have occurred where the Court finds that a defendant has performed some act which unconditionally accepts the jurisdiction of the court for all purposes. Monaco v. Montgomery Cab Co., 417 Pa. 135, 208 A.2d 252 (1965).

"We come then to appellant's second contention, i.e., *that appellee entered a general appearance by failing to respond in a timely fashion to plaintiff's complaint, thereby waiving his right to object to the venue of the proceedings. With this contention, we must agree.*

. . .

"Although it is clear that appellee's entry of appearance did not constitute a 'general appearance' so as to waive all defenses, *it is likewise evident that by failing to raise the defense by way of preliminary objection and by failing to contest in any form whatsoever, the proceedings before the Master, appellee acted by way of a general appearance thereby waiving his right to raise improper venue.* Chasman v. Chasman, 161 Pa. Superior Ct. 77, 53 A.2d 876 (1947); Miln v. Miln, 175 Pa. Superior Ct. 613,106 A.2d 862 (1954)." (Footnotes deleted; emphasis added.)

The court went on to hold that where defendant had waived his right to raise the question of improper venue, this could not be raised by the court sua sponte.

This decision of the court is in harmony with a long line of cases which have held that in transitory, in personam actions, where the court has jurisdiction of the subject matter, the commencement of the action in a county in which venue is improperly laid is a waivable error. See Shulman v. Wynnewood Co., 191 Pa. Superior Ct. 66, 155 A.2d 392 (1959), and cases cited therein. In his brief, counsel has cited a number of cases to the effect that jurisdiction over the person is a waivable defect. In all of these, however, an appearance has been entered by an attorney in behalf of defendant. This fact, of course, distinguishes them from the case at hand.

Counsel cites Kessler v. Cardonick, 229 Pa. Superior Ct. 97, 323 A.2d 378 (1974), as a case in which there was a waiver of venue even though no appearance was entered. In that case, service of a complaint was made in the cause-of-action county upon the defendant's mother at her residence. After a default judgment was entered, defendant filed a petition to open judgment averring that service of process was improper because he was a resident of New Jersey at the time service was made. An answer to the petition to open was filed alleging that defendant was, in fact, living with his mother at the time service was made. When defendant failed to support his petition with affidavits or depositions, the lower court held that under the decision in Smith v. Dale, 405 Pa. 293, 175 A.2d 78 (1961), in accordance with the provisions of Pa. R. C. P. 209, defendant is deemed to have admitted all averments in the answer which were responsive to his petition, and thus, defendant admitted that he really was residenced in the cause-of-action county. It is clear, therefore, that venue was properly laid and no question of waiver was involved.

In the instant case, the parties reside in a county adjoining the county where the action was brought; however, if plaintiff's position here was approved, nothing would prevent a spouse residing in Philadelphia County from instituting an action in Erie County and obtaining jurisdiction simply because the husband served in Philadelphia by deputization did not appear to contest venue. The interest of the State in the preservation of marriage prohibits the approval of such a practice.

We conclude that since no appearance was entered by defendant in this action, there could be no

waiver of venue, and jurisdiction over the person of defendant has not been established. All proceedings subsequent to the filing of the complaint must, therefore, be vacated.

## ORDER

And now, September 30, 1975, for reasons stated, all proceedings following the filing of the complaint are vacated and set aside. On application of plaintiff, the complaint will be transferred to Adams County pursuant to Pa. R.C.P. 1006(e).